IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 21-27-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW DAVID GOLIE, | |
| Defendant. | |

Judgment was entered in this matter on March 24, 2022. Counsel filed a timely notice of appeal on April 7, 2022. The appeal remains pending. *See United States v. Golie*, No. 22-30062 (9th Cir. filed Apr. 8, 2022).

On May 19, 2022, the Court received from Golie, acting *pro se*, a motion seeking alteration of the judgment. He objects to the Bureau of Prisons' calculation of his sentence. *See* Mot. to Alter Judgment (Doc. 65) at 1–11.

Because Golie's sentence may be involved in the appeal, this Court lacks jurisdiction to entertain the motion. *See United States v. Najjor*, 255 F.3d 979, 983

1

(9th Cir. 2001).  The Court may consider an indicative ruling.  *See* Fed. R. Crim. P. 37(a).

"After a district court sentences a federal offender, the Attorney General, through the BOP [Bureau of Prisons], has the responsibility for administering the sentence."  *United States v. Wilson*, 503 U.S. 329, 335 (1992).  "[T]he Attorney General . . . computes the amount of the credit after the defendant begins his sentence."  *Id*. at 333.  The sentencing court does not.  To the extent Golie asks the Court to tell the BOP how to calculate his sentence, his motion must be denied.

The Court may instead view Golie's motion as a motion to correct the sentence.  A court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. P. 36.  Whether a purported error is clerical depends on what was found or intended at the time the alleged error arose.  *See, e.g.*, *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011) (per curiam); *United States v. Bergmann*, 836 F.2d 1220, 1221-23 (9th Cir. 1988); *see also, e.g.*, *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) (observing that Rule 36 error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.").

Well-established statutory rules govern the execution of federal sentences.  Regardless of whether a federal sentence is concurrent or consecutive to another

sentence, it commences, at the earliest, on the date it is pronounced. *See* 18 U.S.C. § 3585(a). "[A] federal sentence cannot be 'backdated' so as to commence before the district court imposed the federal sentence." *Schleining v. Thomas*, 642 F.3d 1242, 1247 (9th Cir. 2011). A federal sentence commences when "the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Time served before sentencing counts against a federal sentence only if it does not count against any other sentence. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337.

Aware of these rules, the Court imposed the sentence it intended to impose. Correction is not warranted under Rule 36. To the extent an indicative ruling is appropriate, the Court would deny the motion to alter the judgment. *See* Fed. R. Crim. P. 37(a)(2).

The Court would not object to the Bureau of Prisons' designating Golie's state facility as the place where he began serving the federal sentence. The decision, however, is in the hands of the BOP.

If Golie believes his federal sentence is not correctly calculated, remedies are available to him through the Bureau of Prisons and/or in the judicial District where he is incarcerated.

Accordingly, IT IS ORDERED that Golie's motion to alter the judgment

3

(Doc. 65) is DISMISSED for lack of jurisdiction. Pursuant to Federal Rules of Criminal Procedure 36 and 37(a), the Court would DENY the motion.

DATED this 23rd day of May, 2022.

_____
Dana L. Christensen, District Judge
United States District Court