IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 21-27-M-DLC |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| ANDREW DAVID GOLIE, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Andrew David

Golie's second motion to vacate, set aside, or correct his sentence, pursuant to 28

U.S.C. § 2255.  (Doc. 148.)  Golie is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine

whether "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules

Governing Section 2255 Proceedings for the United States District Courts.  A

petitioner "who is able to state facts showing a real possibility of constitutional

error should survive Rule 4 review."  *Calderon v. United States Dist. Court*, 98

F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring)

(referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On July 28, 2021, a grand jury indicted Golie on one count of being a prohibited person in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). *See* Indictment (Doc. 1 at 1.) Counsel was appointed to represent Golie. *See* Order (Doc. 10.)

On December 1, 2021, Golie pled guilty in open court. *See,* Min. (Doc. 31); Order (Docs. 35& 39). Following his change of plea but prior to sentencing, Golie's initial attorney withdrew, and Joshua Van de Wetering ("Van de Wetering") was appointed to represent Golie. (Doc. 42.)

At sentencing, the Court found a total offense level of 12 and a criminal history category of VI. The advisory guideline range was 30 to 37 months. *See* Statement of Reasons (Doc. 61) at 1 § III. Based on factors specific to Golie's personal characteristics, and upon motion of the Government, the Court departed downward to a sentence of 27 months in prison, to be followed by a three-year term of supervised release. *See, id.* at 3 § VI, 4 § VIII; Judg. (Doc. 60 at 2–3.)

2

Golie timely appealed and continued to be represented by Van de Wetering. (Doc. 63.)  The appeal was ultimately dismissed based upon Golie's failure to prosecute. (Doc. 67); *United States v. Golie*, No. 22-30062 (9th Cir. filed Jan. 20, 2023).

On May 30, 2024, following his arrest, Golie made an initial appearance before Magistrate Judge DeSoto on a petition to revoke his supervised release. (Doc. 71.)  Golie was detained; his detention was continued following a hearing held on June 4, 2024.  (Docs. 78 & 79.)  Golie was later released pursuant to a stipulated release plan for transport to the Rimrock Foundation for chemical dependency treatment.  (Doc. 87.)  An amended petition for warrant issued following Golie's early termination from Rimrock due to unsuccessful treatment. (Docs. 92 & 94.)  Following his initial appearance on the revocation, Golie was ordered detained on August 12, 2024, by Judge DeSoto.  (Docs. 95 & 96.)  On August 14, 2024, a final hearing regarding Golie's revocation of his supervised release was held. (Doc. 99.) Golie was sentenced to four months custody to be followed by 32 months of supervised release.  (Doc. 100.)

Golie filed his first motion under 28 U.S.C. § 2255 on August 17, 2024. (Doc. 106.)  There Golie claimed he was unlawfully convicted under 18 U.S.C. 922(g)(1), because the charge as applied to Golie was unconstitutional.  (Doc. 106 at 3, 5.)  In support of the claim, Golie relied upon *United States v. Duarte*, 101

F.4th 657 (9th Cir. 2024), *reh'g en banc granted, opinion vacated,* 108 F.4th 786

(9th Cir. 2024), for the premise that as a nonviolent felony offender he was

wrongfully convicted. (*Id.*) Golie next claimed that his criminal history category

was miscalculated and that he was due additional credit for time served. (*Id.* at 6.)

Finally, Golie claimed that Van de Wetering provided ineffective assistance both at

sentencing and as appellate counsel. (*Id.* at 7, 9, 11.) Golie asked that his

conviction and sentence be set aside and that he be released from custody. (*Id.* at

11.)

This Court issued a screening order advising Golie that his first claim,

challenging the applicability of § 922(g)(1) lacked merit. (Doc. 112 at 4-7.)

Accordingly, that claim was denied. Golie was further instructed that it appeared

his remaining claims were filed outside of the applicable statute of limitations. (*Id.*

at 7-8.) He was provided an opportunity to show cause as to why they should not

be dismissed as untimely. (*Id.* at 7-8.) Golie failed to respond to the Court's order.

His § 2255 motion was dismissed on December 9, 2024, based upon Golie's failure

to prosecute and comply with the Court's orders. (Doc. 114.)

On February 3, 2025, Golie appeared before Judge DeSoto for an

arraignment on the revocation of his supervised release. (Doc. 119.) Golie was

detained. Following a change in counsel and several continuances, a final

revocation hearing was held on April 17, 2025. Golie was ultimately sentenced to

the Bureau of Prisons for a term of 8 months with no supervision to follow.  *See*,

Min. (Doc. 145); *see also*, Judg. (Doc. 146.)

On July 22, 2025, the Clerk's Office received the instant § 2255 motion.

Somewhat inexplicably, the document is dated March 8, 2025, prior to Golie's

final revocation hearing.

### III.  Golie's Claims

Golie's claims in his second § 2255 motion all relate back to events that

occurred either in his underlying sentencing proceedings in 2021, or even earlier

back to his state court trial 2011.  *See generally*, (Doc. 148.)  Golie first claims that

Van de Wetering failed to object to the guideline calculations contained in the PSR

at sentencing and failed to challenge the same on appeal.  (Doc. 148 at 3-5.)  Golie

asserts his criminal history was less substantial than it appeared, particularly

because his state criminal history was exaggerated and, in turn, affected his federal

guidelines calculation.  (*Id.*)

Golie next claims that the sentencing factors considered were based upon

false and/or incorrect information.  (*Id.* at 6-12.)  Particularly, he points to the fact

that he was acquitted of Intimidation during his 2011 state court proceedings, but

that charge was still used against him during his federal sentencing.  Golie asserts

that a substantial injustice has occurred, which originated in his state court

proceedings.  (*Id.* at 10-12.)

In his third claim, Golie argues that his underlying offense level was incorrect, and the evidence presented supported applying a lower level. (*Id.* at 6, 13.) Specifically, Golie states that the firearm involved was legal and used for hunting and self-defense by his father. He believes that the underlying conviction was unlawful, that there was an unreasonable delay in his federal prosecution, and that he was coerced to plead guilty. (*Id.* at 13-14.) Golie asserts that USSG § 2K2.1(b)(2) should have applied to him as the firearm was possessed for lawful reasons, and Van de Wetering performed deficiently for failing to present this argument on his behalf. (*Id.* at 14.)

Golie next claims that Van de Wetering was ineffective overall because he was uncapable and unprepared at Golie's sentencing and on direct appeal. (*Id.* at 14-21.) Finally, Golie claims that cumulative harm occurred in his underlying proceedings resulting in violations of his 5th, 6th, 7th, and 8th Amendment rights. (*Id.* at 22.)

Golie asks this Court to order his immediate release from custody. He further requests that the PSR be stricken, along with any additional records that contain lies, slander, or misinformation. He asks that he be allowed to "have a clean slate." (*Id.* at 23.)

//

## IV. Analysis

As a preliminary review, Golie's present filing appears to suffer from the same procedural issues as his prior § 2255 motion. The claims appear to be both untimely and procedurally defaulted. As set forth above, Golie did not address any of the procedural hurdles in his prior filing, as he failed to respond to the Court's order to show cause.

Golie attempts to excuse his failure to prosecute the prior matter, by suggesting the Court should have known of the changes to his mailing address. However, as a pro se filer, and pursuant to this Court's Local Rules, Golie was under a continuing duty to keep the Court updated of any change in his address by filing a notice with the Clerk of Court. *See e.g*., L.R. 5.3(2). Moreover, Golie was specifically notified of this duty and that a failure to comply could result in dismissal of the action without further notice. *See*, (Doc. 107 at 2.) Precedent supports dismissal of a case when a litigant does not keep the court appraised of his current address. *See, Carey v. King*, 856 F. 2d 1439 (9th Cir. 1988)(affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se filer did not comply with local rules); *Henderson v. Duncan*, 779 F. 2d 1421, 1424 (9th Cir. 1986)(dismissal proper for failure to prosecute and comply with local rules).

But there is now an additional jurisdictional problem present. Golie's prior § 2255 motion was dismissed and a certificate of appealability was denied on December 9, 2024. (Doc. 114.) Golie did not timely appeal. The Court of Appeals has not authorized Golie to file a second § 2255 motion in this Court, *see* 28 U.S.C. §§ 2255(h), 2244(c), so the motion must be dismissed for lack of jurisdiction, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability is denied because the case is clearly controlled by *Burton*. *Gonzalez v. Thaler*, 565 U.S. 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Golie's § 2255 motion (Doc. 148) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Golie files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 25-112-M-DLC are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 30th day of July, 2025.

/s/ Dana L. Christensen
Dana L. Christensen
United States District Court